**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-5237**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ADRIAN LAMONT KEARNEY, a/k/a Adrian Carlton White, a/k/a
A.D.,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. W. Earl Britt, Senior
District Judge. (4:10-cr-00041-BR-1)

───────────

Submitted: September 19, 2011    Decided: September 30, 2011

───────────

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. George E. B. Holding, United States Attorney,
Jennifer P. May-Parker, Kristine L. Fritz, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Lamont Kearney pled guilty to distribution of five grams or more of crack cocaine (Count One), and possession with intent to distribute fifty or more grams of crack cocaine (Count Two), in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Kearney on December 6, 2010, to the statutorily-mandated minimum sentence of 120 months on Count Two, to run concurrently with a ninety-seven month sentence on Count One. Kearney appealed the sentence, arguing that the district court erred in failing to sentence him in accordance with the Fair Sentencing Act of 2010 ("FSA").[*] The United States initially opposed resentencing.

On July 22, 2011, the Government filed a supplemental brief setting forth its revised position on the application of the FSA. The Government now agrees that Kearney should have been sentenced pursuant to the FSA because his sentencing occurred after the Act's effective date. Thus, the Government requests a remand for resentencing.

Based on our consideration of the materials submitted, we vacate the district court's judgment and remand this case to the district court to permit resentencing. By this disposition,

---

[*] The Fair Sentencing Act of 2010 increased the threshold quantities of cocaine base needed to trigger certain mandatory minimum sentences.

however, we indicate no view as to whether the FSA is retroactively applicable to a defendant like Kearney whose offenses were committed prior to August 3, 2010, the effective date of the FSA, but who was sentenced after that date, leaving that determination in the first instance to the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED